IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:16-MJ-1097-BO
No. 2:17-CV-5-BO

| | |
|---|---|
| KATHRYN C. SPERRY,<br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br>　　　　Respondent. | ) <br> ) <br> ) 　　O R D E R<br> ) <br> ) <br> ) <br> ) |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 15]. The government has moved to dismiss the petition, [DE 19], and the matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's motion is dismissed.

## BACKGROUND

On December 5, 2016, petitioner pleaded guilty, without a written plea agreement, to operating a motor vehicle while under the influence, in violation of 36 C.F.R. § 4.23(a) (Count Two); simple assault, in violation of 18 U.S.C. § 113(a)(5) (Count Three); and interfering with and intimidating a government agent, in violation of 36 C.F.R. § 2.32(a)(1) (Count Four). [DE 13]. On the same day, the Court sentenced petitioner to 6 months' imprisonment on Count Two, 2 years' supervised probation on Count Three, and 2 years' supervised probation on Count Four, with the terms to run concurrently with each other. [DE 13]. Petitioner did not appeal her judgment.

On February 13, 2017, petitioner filed the instant motion under 28 U.S.C. § 2255. [DE 15]. Petitioner raises two claims. First, she alleges that her rights were violated when the Court sentenced her without a presentence investigation report ("PSR"). [DE 15 at 3]. Second, she

alleges that the Court "failed to take into account [her] mitigating factors" that would affect her sentence. [DE 15 at 4]. On March 14, 2017, the government moved to dismiss the motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted. [DE 20]. Petitioner filed a response to the government's motion on April 4, 2017. [DE 24].

## DISCUSSION

"To survive a motion to dismiss pursuant to Rule 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas*, 627 F3d 534, 539 (4th Cir. 2010) (internal quotation omitted). However, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

Petitioner did not raise either of her claims on appeal. As a result, they are procedurally defaulted unless petitioner can show cause and prejudice or actual innocence. *United States v. Frady*, 456 U.S. 152, 167–68 (1982); *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). It appears that petitioner asserts cause and prejudice by alleging that counsel was ineffective for failing to raise these issues on appeal. [DE 15 at 3, 4].

In order to demonstrate that the assistance of counsel was ineffective in violation of the Sixth Amendment, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. In order to establish *Strickland* prejudice in the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689–90)). "Counsel are afforded a strong presumption that their performance was within the extremely wide range of professionally competent assistance." *Baker v. Corcoran*, 220 F.3d 276, 293 (4th Cir. 2000) (quoting *Strickland*, 466 U.S. at 689). In considering whether counsel's performance was deficient, a court "must not permit hindsight to distort [its] assessment of counsel's performance, and [it] must appreciate that counsel may choose a trial strategy from within a wide range of acceptable strategies." *Clagett v. Angelone*, 209 F.3d 370, 380 (4th Cir. 2000).

Petitioner has not demonstrated deficient performance by counsel in failing to raise the lack of a PSR at sentencing on direct review, and nor has she demonstrated a likelihood that her sentence would have been different had the Court considered a PSR. Federal Rule of Criminal

3

Procedure 32(c) generally requires the probation officer to produce a presentence investigation report unless "the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record." Fed. R. Crim. P. 32(c)(1)(A)(ii). The case cited by petitioner, *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), does not stand for the proposition that a court cannot sentence a defendant in the absence of such a report, and defendant has alleged no facts demonstrating that the Court did not comply with the requirements of Rule 32(c) in imposing her sentence. Petitioner has also not alleged any facts demonstrating that she would have received a different sentence had counsel raised this issue before the Court or on appeal.

As to petitioner's second claim, petitioner has failed to demonstrate that counsel was ineffective for not raising this issue on appeal. Petitioner has not alleged with any specificity what mitigating factors the Court should have considered in imposing sentence and how those factors would have led to a different outcome. Accordingly, petitioner has not pled factual allegations "enough to raise a right to relief above the speculative level," thereby "nudg[ing] [her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555.

Finally, counsel's performance must be viewed under a highly deferential standard, and petitioner has failed to state a claim in regard to counsel's performance at sentencing or on appeal which would suggest that it fell below an objective standard of reasonableness. Petitioner's claims regarding her counsel therefore do not reveal any alleged errors which were "so serious that [counsel] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) (internal quotation and citation omitted). For these reasons, the Court finds that petitioner has failed to state a claim of ineffective assistance of counsel sufficient to excuse her failure to raise these

4

issues on appeal. As a result, petitioner has failed to state a claim that warrants vacating her judgment in this matter.

### Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

### CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 19] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 15] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 15 day of May, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE